```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA              PROTECTIVE ORDER ON
                                   :  CONSENT
    - v. -
                                   :  16 Cr. 776 (VEC)
JOSEPH PERCOCO,
    a/k/a "Herb,"                  :
ALAIN KALOYEROS,
    a/k/a "Dr. K,"                 :
PETER GALBRAITH KELLY, JR.,
    a/k/a "Braith,"                :
STEVEN AIELLO,
JOSEPH GERARDI,                    :
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and                :
KEVIN SCHULER,
                                   :
            Defendants.
                                   :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2016

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Preet Bharara, by Assistant United States Attorneys Janis Echenberg, Robert Boone, David Zhou and Matthew Podolsky; and with the consent of the defendants, by and through their counsel; and for good cause shown:

IT IS HEREBY ORDERED THAT:

1.   The Government will make disclosure to the defendants in this criminal action of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16; Title 18, United States Code, Section 3500; *Brady* v. *Maryland*; and/or *United States* v.

*Giglio*, all of which will be referred to herein as "Disclosure Material."  Disclosure Material that the Government intends to provide to all defendants shall be made available simultaneously to the defendants.  Disclosure Material that contains (a) personally identifiable information, including tax information, bank or other financial account numbers, social security numbers, dates of birth, home addresses, names of minors, email addresses, and/or personal telephone numbers; (b) information related to medical issues, including records potentially protected by the Health Insurance Portability and Accountability Act; (c) information that is sensitive and not otherwise publicly available (including confidential state government documents, confidential business information, law enforcement sensitive information, including references to potential subjects or targets of investigation, and personal communications between defendants and individuals not named as defendants in this criminal action), will be designated as "Restricted Information," and will be identified as such in transmittal letters and indices accompanying disclosures.

  2. Some Disclosure Material, including Disclosure Material containing Restricted Information, may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of its investigation of this criminal matter, or by consent, from various email service providers,

computers, cellular phones and other devices and storage media. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such ESI as the Government believes may contain Disclosure Material ("the seized ESI Disclosure Material"). Defense counsel may review the seized ESI Disclosure Material to identify items pertinent to the defense. All seized ESI Disclosure Material will be initially designated as Restricted Information and defense counsel shall not further disseminate or disclose any portion of the seized ESI Disclosure Material except as permitted under this Protective Order. Any defendant or their counsel may, at any time, remove the "Restricted Information" designation from ESI Disclosure Material that was seized from that defendant, in whole or in part, so that the material is no longer "Restricted Information," provided that notice of at least one business day is provided to the Government to give the Government an opportunity to object to the removal of the "Restricted Information" designation at issue. All disputes regarding the removal of the "Restricted Information" designation from ESI Disclosure Material shall be resolved as set forth in Paragraph 8 below.

    3.    Restricted Information, and information taken from the Restricted Information, may only be disclosed or disseminated by the defendants and/or their respective counsel (which includes,

for purposes of this Protective Order, any successor counsel) to the following persons (hereinafter "Designated Persons"):

      a.   anyone providing legal, investigative, secretarial, technological, clerical, paralegal, or other support services in connection with this criminal action and who is employed by, engaged by, advising or otherwise working at the direction of the defendants' attorneys, as well as any students or interns working for the defendants' attorneys;

      b.   expert witnesses, investigators or advisors retained by any defendant or on his or her behalf in connection with this criminal action;

      c.   fact witnesses and any other third parties (and/or their counsel) interviewed, consulted, or questioned by the defendants' counsel or by anyone in sub-paragraphs 3(a) or 3(b) in the course of investigating or defending this criminal action; and

      d.   such other persons as hereafter may be authorized by the Court upon such application by a defendant or the Government.  In the event that any defendant wishes to expand the list of "Designated Persons," that defendant shall be entitled to apply for such relief through an *ex parte* letter to the Court, without notice to the Government. The Government consents that it will not challenge the *ex parte* nature of such an application. The defense has consented to this Protective

4

Order on the express understanding that such relief is available. This Protective Order is not intended to prevent the defense team from using Restricted Information in the interest of defending this criminal case.

    4.   No party shall disclose Restricted Information to members of the media, nor shall any party post any Restricted Information on any Internet or network site to which persons other than the parties in this criminal action or Designated Persons have access. The defendants and their respective counsel may not use, disclose, or disseminate Restricted Information, or any information taken from the Restricted Information, for any purpose other than in connection with the defense of this criminal action.

    5. Following the conclusion of this criminal action, including an appeal, if any, the defendants' counsel shall return Restricted Information to the Government, together with any and all copies thereof, or shall take all reasonably practicable steps to destroy such Restricted Information, together with any and all copies thereof, which destruction the defendants' counsel shall verify in writing.

    6.   The defendants or their counsel shall provide a copy of this Protective Order to any Designated Persons to whom Restricted Information is disclosed pursuant to Paragraph 3.

Designated Persons shall be subject to the terms of this Protective Order.

  7.  The provisions below apply to the public filing of Restricted Information.

    a.  Except as set forth in sub-paragraph 7(b), below, the provisions of this Protective Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this criminal action or to any judge or magistrate of this Court for purposes of this criminal action, provided that personally identifiable information or other sensitive information is redacted, prior to any public filing, as required by the rules governing publicly-filed documents in this district.

    b.  In order to prevent the public disclosure of Restricted Information in circumstances in which the reasons for non-disclosure of such information overcome the presumption of public access to judicial documents, the defendants shall prepare copies of all substantive motion papers and other substantive requests for relief, and shall submit those copies to the Court, the Government and the other defendants by the scheduled due date (if any), but shall publicly file the motion papers without exhibits at that time. The Government shall have one business day from receipt of the defendants' courtesy copies within which to propose any redactions of such sensitive

information in any proposed exhibit to such papers or requests. For each proposed redaction, the Government shall explain why the proposed redaction overcomes the presumption of public access to judicial documents. The defense shall have two business days from receipt of any proposed redactions within which to consider and, if necessary, oppose those redactions. If agreement is reached that the proposed redactions are appropriate, the redacted exhibits shall be filed within four business days after the scheduled due date (if any) and courtesy copies, marked "REDACTED," shall be submitted to the Court. If agreement cannot be reached concerning the proposed redactions, the dispute shall be submitted to the Court for resolution before the exhibits in question are filed. This sub-paragraph applies only to exhibits and not to any information included in a memorandum of law, letter, or other request for relief. No memorandum of law in support of a motion, letter, or other request for relief need be redacted pursuant to this sub-paragraph, even if it quotes, cites, or otherwise references Restricted Information, provided that such quote, cite or other reference is included in good faith in support of the relief requested. If a motion, letter, or other request for relief does not attach any exhibit containing Restricted Information, this sub-paragraph does not apply. This sub-paragraph does not apply to any exhibit that is obtained by a defendant

independently of the Government's production, even if it is also contained in the Government's production. Eight weeks before any trial in this action, this sub-paragraph will cease to apply.

8. Any disputes regarding (i) the classification of material as Restricted Information or (ii) any required redaction, which cannot be resolved among the relevant parties, should be brought to the Court for a ruling before any disclosure not specifically permitted by this Protective Order is made by any party.

9. Certain Disclosure Material may also be designated "Attorneys' Eyes Only" by counsel for any of the defendants as set forth below. The obligations of Paragraph 9 shall apply only to counsel for defendants.

    a. Following the production of any Disclosure Material by the Government, counsel for any defendant may designate as "Attorneys' Eyes Only" any document that is not relevant or material to any defendant's defense of this matter and that: (1) contains information that falls into the categories described above in sub-paragraphs (1)(a) or (1)(b); or (2) reflects confidential business information that is sensitive and not otherwise publicly available (e.g., business or corporate structure, ownership, human resources and/or salary information); or (3) reflects personal communications between

defendants and individuals not named as defendants in this criminal action (collectively, "Sensitive Information"). If only a portion of a document contains Sensitive Information, then only that portion of the document shall be designated "Attorneys' Eyes Only."

      b.   Counsel shall make the "Attorneys' Eyes Only" designation by: (i) identifying, to the extent practicable, the Bates numbers, internal control number, or other identifying features of the document(s) to which the designation is to apply and (ii) proposing redactions of the document so designated that would allow the document to be shown to persons other than counsel to the parties in this matter. Absent permission from the counsel making the designation, any documents or portions of documents designated "Attorneys' Eyes Only" may be reviewed and discussed only by counsel to the parties in this matter (or anyone working under their direction) or the Court. The restriction on documents designated "Attorneys' Eyes Only" shall not apply to the redacted version of any such document.

      c.   For the first fourteen (14) days after any particular item of Disclosure Materials is produced (the "AEO Grace Period"), that item may be reviewed and discussed only by counsel to the parties in this matter (or anyone working under their direction), except that even during the AEO Grace Period, counsel for any defendant may share with that defendant any

document on which the defendant is copied or that was collected from an email account or personal device belonging to the defendant. With respect to any Disclosure Materials produced by the Government during the month of December 2016, the AEO Grace Period will be expanded to include the twenty-one days following the date of production. This sub-paragraph 9(c) ceases to be in effect after April 15, 2017.

       d.    Where possible, the parties to this Protective Order shall attempt to amicably resolve any disputes as to an "Attorneys' Eyes Only" designation.

       e.    Any unresolved dispute as to an "Attorney Eyes' Only" designation may be brought before the Court on an *ex parte* basis by the party disputing the designation, provided the party disputing the designation provides adequate reason for proceeding *ex parte*. In all events, the party disputing the designation shall not be required to provide notice to the Government or to any of the defendants not responsible for making the designation. If necessary to resolve the dispute, the Court may review the disputed documents *in camera*.

    10.  This Protective Order applies solely to materials produced by the Government and does not apply to materials obtained independently by the Defendants, even if that material is also exchanged in discovery. To the extent that the Disclosure Materials include documents that are or become

publicly available (through no fault of the defendants), nothing in this Protective Order shall restrict the use of such publicly available documents.

11. Nothing in this Protective Order shall be deemed an admission of the evidentiary admissibility or inadmissibility of any of the Disclosure Materials in any subsequent proceeding.

Dated:    New York, New York
          December 21, 2016

                                        SO ORDERED:

                                        _____
                                        THE HONORABLE VALERIE E. CAPRONI
                                        UNITED STATES DISTRICT JUDGE