

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:   *United States* v. *Joseph Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Judge Caproni:

We write in response to the Court's order dated January 25, 2017, requesting that the Government provide the Court with (1) "a revised discovery plan that sets deadlines for the completion of discovery," and (2) an explanation as to "why the Government produced electronic documents without the metadata."

### I.   Discovery Produced to Date

At the arraignment and initial pretrial conference on December 1, 2016, the Government stated that the discovery currently in its possession, which it expected would be available to the defense within 45 days, consisted of approximately 2,000,000 pages of documents and 2 terabytes of data. To date, the Government has made available to the defendants approximately 1,745,000 pages of discovery, including emails, phone records, bank records, and other business and government records, as well as forensic images and "processed" data from 22 electronic devices, including cellular phones, computers and other media devices, and the results of all physical search warrants and all but two email search warrants.[1] The Government has also produced to the relevant defendant any statements made by the defendant to the Government, and affidavits supporting any search warrant the fruits of which the defendant has standing to move to suppress.

Further, in order to expedite the defense's review in advance of the next conference with the Court, the Government prioritized the most relevant discovery, including discovery that could provide the basis of any potential suppression motion. By January 17, 2017 (the first business day 45 days after the first conference), the Government had produced, through its

---

[1] Due to the volume of discovery, the Government has engaged an outside vendor to coordinate production of discovery. When material is ready for production, the Government notifies the defendants, who then order the material directly from the vendor.

discovery vendor: (1) 21 forensic images of the electronic devices describe above; (2) 460,000 pages of documents obtained by the Government from many of the entities and/or agencies referenced in the Complaint; (3) discovery relevant to individual defendants, including applicable search warrant affidavits; and (4) a detailed index of the items remaining to be produced. Additionally, as of January 27, 2017, the vendor had made available to the defendants an additional approximately 1,285,000 pages of discovery, as well as data.[2]

## II. Deadlines for Additional Discovery

Of the discovery referenced by the Government at the December 1 conference, approximately 85,000 pages, consisting principally of subpoena returns, as well as a limited amount of GPS and pen register data, remain to be produced. The Government will produce that material by February 28, 2017.

In addition, as noted at the December 1 conference, the Government's investigation is ongoing, and the Government will continue to produce on a rolling basis any new discovery subject to Rule 16 of the Federal Rules of Criminal Procedure. Since the date of the conference, the Government has obtained approximately 2.12 GB of documents subject to Rule 16 discovery. The Government will produce those documents no later than March 5, 2017. The Government will produce additional discoverable material it obtains on an ongoing basis.

## III. Metadata

Notwithstanding the metadata issue identified by the defendants in their letter of January 24, 2017, the Government produced metadata with its production of electronic documents as to all documents for which the Government was in possession of metadata. Specifically, to the extent that such metadata existed, the Government produced documents with approximately 25 fields of metadata, including the given document's file name, subject, sender, recipients, date and time created, date and time sent, and date and time received.

As referenced in the defendants' January 24 letter, certain documents were missing additional metadata that could be used to create "family" relationships between documents. The absence of the "family" metadata as to certain documents was due to a discrepancy between the way the data was produced to the Government from hundreds of sources and the way it was exported by the Government's data processing vendor. Specifically, some parties produced documents to the Government containing the "family" metadata in a different field than the field used by other parties in their productions. One of these fields was inadvertently omitted when the documents were processed and copied for production, and therefore some documents were produced without the "family" metadata. As noted in the defendants' letter, as soon as the Government was notified of the issue, the Government took prompt steps to provide the missing

---

[2] Although the Government had produced approximately 875,000 pages, as well as data, to the vendor prior to January 17, 2017, and that material was available for the defendants to order by that date, due to the size of the production and unexpected processing time required to decrypt and encrypt certain information because of its sensitive nature, the vendor was not able to complete production until January 27, 2017.

metadata for the relevant documents and to ensure that the "family" metadata would be included in subsequent productions.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney for the
        Southern District of New York

        By: _____
        Janis Echenberg/Robert Boone/
        David Zhou/Matthew Podolsky
        Assistant United States Attorneys
        (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)