LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX (212) 764-3701

February 9, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: **United States v. Percoco, et al.**, 16 Cr. 776 (VEC)

Dear Judge Caproni:

  We represent Peter Galbraith Kelly, Jr. in the above-referenced matter. We respectfully submit this letter on behalf of our client, as well as defendants Joseph Percoco, Steven Aiello, and Joseph Gerardi, in connection with the motion (the "Buffalo Motion") recently filed by defendants Louis Ciminelli, Michael Laipple, and Kevin Schuler (the "Buffalo Defendants") to dismiss the counts against them for lack of proper venue, or in the alternative, to transfer those charges to the United States District Court for the Western District of New York. Doc. Nos. 91—98. We support the Buffalo Defendants' well-reasoned motion. At the same time, however, we join in the Government's request that (1) a motion and briefing schedule be set at the April 3, 2017 conference, and (2) the Buffalo Motion be held in abeyance until that time.

  Due to the Government's charging strategy, the Buffalo Motion implicates legal and equitable issues that are shared by and impact the other defendants. Such issues include but are not limited to questions of venue, transfer, improper joinder under Rule 8(b) of the Federal Rules of Criminal Procedure, and severance under Rule 14—not to mention questions of convenience, cost, timing, and conservation of resources.

  Consistent with the general practice in this District, the defendants joining this letter planned to address these matters on a schedule set by the Court during the status conference scheduled for April 3, 2017. In the meantime, we are focused on the receipt and review of the voluminous discovery in this matter and the many logistical difficulties that have arisen. However, given that the Buffalo Motion may invite the Court to consider and rule on whether the Indictment has properly joined the various defendants and counts in a single proceeding, we believe that all related issues should be addressed by the Court at the same time.

  As a result, we respectfully request that the Court hold the Buffalo Motion in abeyance until after the April 3 status conference, when the full motion schedule can be set. This would

ensure that (1) the parallel issues implicated by the Buffalo Motion can be fully briefed by all defendants, (2) the Court does not have to review separate responses from the Government on related motions, (3) the pretrial motion briefing schedule is not unnecessarily bifurcated, and (4) the defendants can maintain their focus on reviewing the discovery materials in the lead-up to the status conference so as to better inform the Court on an appropriate motion and trial schedule.

Respectfully submitted,

Daniel M. Gitner

**CC:**

All Counsel (ECF)