UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

UNITED STATES OF AMERICA,

        -against-

16-CR-776 (VEC)

JOSEPH PERCOCO,
        a/k/a "Herb,"
ALAIN KALOYEROS,
        a/k/a "Dr. K,"
PETER GALBRAITH KELLY, JR.,
        a/k/a "Braith,"
STEVEN AIELLO,
JOSEPH GERARDI,
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and
KEVIN SCHULER,

                Defendants.

────────────────────────────────

# DECLARATION OF TIMOTHY W. HOOVER IN SUPPORT OF DEFENDANT LOUIS CIMINELLI'S MOTION TO SUPPRESS CELLPHONE LOCATION INFORMATION

        TIMOTHY W. HOOVER, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

        1.      I am a member of Hodgson Russ LLP, counsel of record for Defendant Louis P. Ciminelli.  Daniel C. Oliverio and I are trial counsel for Mr. Ciminelli.

        2.      This declaration is made upon my personal knowledge and upon information that I learned during my investigation of the charges set forth in the Superseding Indictment.

3.      I offer this declaration in support of Mr. Ciminelli's motion to suppress all cellphone location information obtained by the government in September 2016.

4.      Louis Ciminelli is the beneficial owner of LPCiminelli Inc., a construction management, general contracting, and design-build firm based in Buffalo, New York.

5.       On September 20, 2016, the government charged Mr. Ciminelli and seven other defendants in a sealed criminal complaint.

6.      A sealed warrant for Mr. Ciminelli's arrest was issued the same day.

7.      On September 21, 2016, the government submitted an application for a search warrant.

8.      The government's search-warrant application (the "Application") is attached as Exhibit A.  The affidavit of Deleassa Penland submitted in support of the Application (the "Affidavit") is attached as Exhibit B.  The warrant and order issued by Magistrate Judge Gabriel W. Gorenstein (the "Warrant") is attached as Exhibit C.

9.      The Affidavit requests "E-911 Phase II data, GPS data, GPS coordinates, or latitude-longitude data" (the "Precision Location Information") pertaining to four defendants' cellphones, Mr. Ciminelli's among them.  Ex. B ¶¶ 5, 14.

10.      The Affidavit stated that Mr. Ciminelli had an "outstanding arrest warrant[]," Ex. B ¶ 7, labeled Mr. Ciminelli a "federal fugitive," *id.* ¶ 4, and asserted that the Precision Location Information would "assist law enforcement in arresting [him]," *id.* ¶ 8.

11.     At 6:05 p.m. on September 21, Magistrate Gorenstein found probable cause to believe that the Precision Location Information "will assist law enforcement in arresting [Mr. Ciminelli]," Ex. C ¶ 2, and signed the Warrant authorizing the government to obtain Precision Location Information for a period of 45 days, *id.* ¶ 7.

12.     The Warrant also authorized the government to obtain cell-site data, toll records, and pen-register information. *Id.* ¶¶ 7-9.  Those records have not been produced.

13.     The government began tracking Mr. Ciminelli's cellphone at 9:40 p.m., a few hours after Magistrate Gorenstein issued the Warrant.

14.     According to the Affidavit, obtaining Precision Location Information entailed directing Mr. Ciminelli's service provider (AT&T) to "initiat[e] a signal on [its] network to determine the phone's location" using "GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers." Ex. B ¶ 5.

15.     AT&T surreptitiously obtained the cellphone's latitude and longitude approximately every fifteen minutes, and emailed the coordinates to the government.

16.     At approximately 6:00 a.m. on September 22, 2016, twelve hours after the Warrant issued, Mr. Ciminelli was arrested in his home in Buffalo, New York.  He was released after his initial appearance in district court in Buffalo late that morning or early that afternoon.

17.     The government continued to track the location of Mr. Ciminelli's cellphone until at least September 26, 2016.

18.     In all, the government forced Mr. Ciminelli's cellphone to reveal its location 414 times between September 21 and September 26, 2016.  Of these, 382 occurred after Mr. Ciminelli's arrest.

19.     The emails from AT&T providing the location of Mr. Ciminelli's cellphone were disclosed in discovery.

20.     Mr. Ciminelli's counsel asked counsel for the government to confirm that the government would not be using the Precision Location Information at trial.

21.     Counsel for the government refused to provide this assurance.

22.     Therefore, Mr. Ciminelli files this motion to suppress the Precision Location Information.

23.     Mr. Ciminelli intends to file reply papers in support of this motion, and requests oral argument on the motion.

**Conclusion**

24.     For the reasons set forth above and in the accompanying memorandum of law, the Court should enter an order: (1) suppressing the Precision Location Information or, in the alternative, ordering a suppression hearing; and (2) awarding such further relief as is just and proper.

Dated:         Buffalo, New York
               May 19, 2017

                                        **HODGSON RUSS LLP**
                                        *Attorneys for Defendant Louis Ciminelli*

                                        By:   s/Timothy W. Hoover
                                                Daniel C. Oliverio
                                                Timothy W. Hoover
                                        The Guaranty Building
                                        140 Pearl Street, Suite 100
                                        Buffalo, New York 14202-4040
                                        716.856.4000
                                        *doliverio@hodgsonruss.com*
                                        *thoover@hodgsonruss.com*

**EXHIBIT A**

# 16 MAG 6046   ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

In re: Warrant and Order For Prospective
and Historical Location Information and
Pen Register Information for the Four
Cellphones Assigned Call Numbers as
Described Herein, USAO Reference No.
2015R00444

------------------------------------

**APPLICATION**

_____ **Mag.** _____

**Application for Warrant and Order**
**for Cellphone Location and Pen Register Information**

The United States of America, by its attorney, Preet Bharara, United States Attorney for

the Southern District of New York, David Zhou, Assistant United States Attorney, of counsel,

respectfully requests that the Court issue the accompanying proposed Warrant and Order for

prospective and historical location information and pen register information for a cellphone. As

grounds for this Application the Government relies on the following facts and authorities.

## I.  Introduction

1.  I am an Assistant United States Attorney in the U.S. Attorney's Office for the

Southern District of New York.   This Application is submitted in conjunction with the

accompanying affidavit of a law enforcement agent ("Agent Affidavit"), to be sworn before this

Court, and incorporated by reference herein. I make this Application based on information and

belief, including the Agent Affidavit, my review of other documents in the case, and information

received from investigative personnel.

2.  The Investigating Agency, Target Cellphones, Target Subjects, Service Providers,

Subject Offenses, Successor Service Providers, and Successor Cellphones referenced in this

Application are as specified in the Agent Affidavit.

# EXHIBIT A

CIMINELLI_00000024

## II. Legal Authority

### A. Prospective Location Information

3. The Government seeks to obtain both precision location information and cell site data for the Target Cellphones on a prospective basis (the "Prospective Location Information") for a period of 45 days from the date of this order – the same period of time for which a warrant for a tracking device may be granted under Rule 41(c)(2)(C). It bears noting, however, that while the Prospective Location Information may permit "tracking" the user of the phone in the colloquial sense, this is not an application for a warrant for a "tracking device" as defined in Fed. R. Crim. P. 41(a)(2)(E) and 18 U.S.C. § 3117(b). Those provisions only apply where an agent is seeking to physically install a tracking device on a given object. Instead, the Prospective Location Information will be obtained by requiring the Service Providers to provide the information.

4. The authority for this application is found in 18 U.S.C. §§ 2703(c)(1), which authorizes a court of competent jurisdiction to require any electronic communication service provider (which includes a cellular telephone service provider[1]) to disclose any "record or other information pertaining to a subscriber" other than the "contents of communications," when the government obtains, *inter alia*, a warrant under the procedures of Rule 41. *See* 18 U.S.C. § 2703(c)(1)(A).[2] Because data concerning a subscriber's location, such as precision location

---

[1] *See* 18 U.S.C. § 2711(1) (incorporating by cross-reference statutory definitions set forth in 18 U.S.C. § 2510); 18 U.S.C. § 2510(15) (defining "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications").

[2] Another provision of 18 U.S.C. § 2703(c)(1), specifically, § 2703(c)(1)(B), enables the Government to compel an electronic communication service provider to disclose non-content information pertaining to a subscriber by obtaining an order issued under 18 U.S.C. § 2703(d), instead of a warrant. Rather than requiring a showing of probable cause, a § 2703(d) order requires only a showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. However, given that continued monitoring of an individual's specific location through precision location information arguably

CIMINELLI_00000025

information and cell site data, constitutes "information pertaining to a subscriber" that does not include the "contents of communications," that data is among the types of information available under § 2703(c)(1)(A).[3] Further, as specified in 18 U.S.C. § 2711(3), this Court is a court of competent jurisdiction under the Stored Communications Act because it has jurisdiction over the Subject Offenses.

5. The Government's request for cell site data also implicates the pen register statute, because such data constitutes signaling information used by the Service Providers to route communications to and from the Target Cellphones. In order to collect such data, a valid pen register order is required.[4] Accordingly, I hereby certify pursuant to 18 U.S.C. § 3122 that such signaling information is relevant to an ongoing investigation being conducted by the Investigating Agency into suspected violations of the Subject Offenses by the Target Subjects.

---

implicates Fourth Amendment interests, *see United States v. Jones,* 132 S.Ct. 945, 964-65 (2012) (Alito, J., concurring in the judgment), the Government here seeks to obtain the Precision Location Information sought herein by a § 2703(c) warrant rather than a § 2703(d) order.

[3] *See In re Application,* 460 F. Supp. 2d 448, 459–60 & n. 55 (S.D.N.Y. 2006) (Kaplan, J.) (cellphone location information falls within § 2703(c)(1)); *accord, e.g., United States v. Caraballo,* 963 F. Supp. 2d 341, 361 (D.Vt. 2013); *In re Order,* 632 F. Supp. 2d 202, 207 (E.D.N.Y. 2008); *In re Application,* 405 F. Supp. 2d 435, 444-45 (S.D.N.Y. 2005). *But see In re Application,* 849 F. Supp. 2d 526, 574 (D.Md. 2011) (rejecting view that cellular location data falls within the scope of the SCA and finding that phone must be treated as "tracking device" for purposes of Rule 41 where used to collect location data); *In re Application,* 2009 WL 159187, at *5-*6 (S.D.N.Y. Jan.13, 2009) (McMahon, J.) (same).

[4] *See* 18 U.S.C. § 3121 (prohibiting use of pen register or trap and trace device without an order under the pen register statute); 3127(3)&(4) (defining pen register and trap and trace device to include devices or processes that record, *inter alia,* signaling information). Although cell site data constitutes "signaling" information within the meaning of the pen register statute, a separate statute precludes the Government from relying "solely" on the authority provided by the pen register statute to ascertain a subscriber's location. 47 U.S.C. § 1002(a). Here, the Government seeks to obtain such data pursuant to 18 U.S.C. § 2703(c) as well as the pen register statute, rather than "solely" under the latter statute. *See In re Application,* 460 F. Supp. 2d at 456-59.

CIMINELLI_00000026

**B. Historical Location Information**

6. The Government also seeks historical cell site data for the Target Cellphones for the period from September 1, 2016 to the present (the "Historical Location Information"). Because such data constitutes non-content information concerning a subscriber, the Court is authorized to order the Service Providers to provide this data pursuant to a warrant application under 18 U.S.C. § 2703(c) or an application for an order under 18 U.S.C. § 2703(d). *See* 18 U.S.C. § 2703(c)(1)(B). Pursuant to 18 U.S.C. § 2703(d), I respectfully submit that the Agent Affidavit offers specific and articulable facts showing that there are reasonable grounds to believe that the Historical Location Information is relevant and material to an ongoing criminal investigation. Further, although a warrant for the Historical Location Information is not required, I respectfully submit that the same probable cause supporting the Government's request for a warrant to obtain the Prospective Location Information requested above also supports the issuance of a warrant under § 2703(c) for the Historical Location Information.[5] In addition, the Government seeks toll records for the same period as the Historical Location Information is requested, which the Government is also authorized to obtain pursuant to 18 U.S.C. §2703(d).

---

[5] A warrant is not required to obtain historical cell site information. Individuals do not have a reasonable expectation of privacy in historical cell site information because individuals voluntarily convey that information to third-party service providers. *See, e.g., United States v. Davis,* ___ F. 3d ___, 2015 WL 2058977, at *11-*13 (11th Cir. May 5, 2015) (en banc); *In re Application of U.S. for Historical Cell Site Data,* 724 F.3d 600, 614-15 (5th Cir. 2013); *United States v. Caraballo,* 963 F. Supp. 2d 341, 360 (D. Vt. 2013); *United States v. Graham,* 846 F. Supp. 2d 384, 403 (D. Md. 2012); *see also United States v. Pascual,* 502 F. App'x 75, 80 & n.6 (2d Cir. 2012), *cert. denied,* 134 S. Ct. 231 (2013) ("general principles" of third-party doctrine "point[ ]" toward this conclusion regarding cell-site records). Moreover, because historical cell site information does not enable law enforcement to conduct live monitoring of a person's location within private spaces such as "the interior of the [person's] home," it is not comparable to prospective precision location information, for which a warrant is arguably required. *See In re Application of U.S. for Order Directing Provider of Elec. Commc'n Serv. to Disclose Records to Gov't,* 620 F.3d 304, 312-15 (3d Cir. 2010).

2016-09-21

CIMINELLI_00000027

### C. Pen Register Information

7. Finally, the Government seeks an order pursuant to 18 U.S.C. §§ 3121-26 authorizing the use of a pen register on the Target Cellphones for a period of 60 days from the date of this order. Specifically, the Government seeks an order directing the Service Providers to furnish any information, facilities, and technical assistance necessary to operate, unobtrusively and with minimum disruption of service, a pen register and trap and trace device to capture all dialing, routing, addressing, or signaling information associated with each call transmitted to or from the Target Cellphones, as specified further in the proposed Warrant and Order (the "Pen Register Information").

8. I hereby certify pursuant to 18 U.S.C. § 3122 that the Pen Register Information is relevant to an ongoing investigation being conducted by the Investigating Agency into suspected violations of the Subject Offenses by the Target Subjects.

### D. Sealing and Non-Disclosure Order to Service Provider

9. When the Government obtains records or information under § 2703(c), it is not required to notify the subscriber or customer. 18 U.S.C. § 2703(c)(3). Additionally, the Government may obtain an order precluding the Service Providers from notifying the subscriber or any other third-party of the warrant or order obtained, for such period as the Court deems appropriate, where there is reason to believe that such notification will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, or intimidation of potential witnesses, or will otherwise seriously jeopardize the investigation. 18 U.S.C. § 2705(b).

10. Further, 18 U.S.C. § 3123(d) provides that an order directing installation of a pen register or trap and trace device shall direct the pertinent service provider "not to disclose the

CIMINELLI_00000028

existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person unless or until otherwise ordered by the Court."

11. Accordingly, as explained further in the Agent Affidavit, in light of the confidential nature of the continuing criminal investigation and the adverse consequences expected in the event of premature notification, the Government respectfully requests that the Court direct the Service Providers not to notify the subscribers or any other person of the Warrant and Order sought herein for a period of 180 days, subject to extension upon application to the Court, if necessary.

12. For similar reasons, I respectfully request that the proposed Warrant and Order, this Application, and the accompanying Agent Affidavit, be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to serve this Warrant and Order on the Service Providers; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

## III.  Prior Requests

13. Except as may be set forth above, no prior request for the relief requested herein has been made.

Dated: New York, New York
       September 21, 2016

David Zhou
Assistant United States Attorney
Tel.: 212-637-2438

CIMINELLI_00000029

# EXHIBIT B

# 16 MAG 6046

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

---

In re: Warrant and Order For Prospective
and Historical Location Information and
Pen Register Information for the Four
Cellphones Assigned Call Numbers as
Described Herein, USAO Reference No.
2015R00444

**AGENT AFFIDAVIT**

_____ **Mag.** _____

---

## Agent Affidavit in Support of Warrant and Order
## for Cellphone Location and Pen Register Information

STATE OF NEW YORK    )
                                        ) ss.
COUNTY OF NEW YORK   )

DELEASSA PENLAND, a Criminal Investigator with the United States Attorney's
Office for the Southern District of New York ("USAO"), being duly sworn, deposes and states:

### I.  Introduction

1.  I am a Criminal Investigator with the USAO.  As such, I am a "federal law
enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that
is, a government agent engaged in enforcing the criminal laws and duly authorized by the
Attorney General to request a search warrant.  I am one of the law enforcement officers with
primary responsibility for the instant investigation.  In the course of my employment with the
USAO and my prior employment as a Revenue Agent with the Internal Revenue Service, I have
participated in numerous investigations of public corruption and fraud schemes, and I have
experience in using warrants for cellphone location information.

2.  **Requested Information.**  I respectfully submit this Affidavit pursuant to 18 U.S.C.
§§ 2703(c) and (c)(1)(A) and the applicable procedures of Federal Rule of Criminal Procedure
41; 18 U.S.C. §§ 2703(d) & 2705; and 18 U.S.C. §§ 3121-3126, in support of a warrant and

## EXHIBIT B

CIMINELLI_00000030

order for prospective location information, historical location information, toll records, and pen register information, for the Target Cellphones identified below (collectively, the "Requested Information").

3. **Basis for Knowledge.** This Affidavit is based upon my participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents, including other members of the USAO and Special Agents of the Federal Bureau of Investigation, Buffalo Field Office, and other individuals, as well as my training and experience. Because this Affidavit is being submitted for the limited purpose of obtaining the Requested Information, it does not include all the facts that I have learned during the course of this investigation.    Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.   In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement).   Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. **Target Cellphones, Target Subjects, and Service Providers.**   *First,* Target Cellphone-1 referenced in this Affidavit is the cellphone assigned call number ████████. As set forth below, the federal fugitive JOSEPH PERCOCO, a/k/a "Herb," is believed to use Target Cellphone-1. ████████████ is the Service Provider for Target Cellphone-1. *Second,* Target Cellphone-2 referenced in this Affidavit is the cellphone assigned call number ████████

2

CIMINELLI_00000031

███ .   As set forth below, the federal fugitive LOUIS CIMINELLI is believed to use Target Cellphone-2. ███ is the Service Provider for Target Cellphone-3. *Third*, Target Cellphone-3 referenced in this Affidavit is the cellphone assigned ███ .   As set forth below, the federal fugitive STEVEN AIELLO is believed to use Target Cellphone-3. ███ is the Service Provider for Target Cellphone-3. *Fourth*, Target Cellphone-4 referenced in this Affidavit is the cellphone assigned ███ .   As set forth below, the federal fugitive PETER GALBRAITH KELLY, Jr., a/k/a "Braith," (collectively, with PERCOCO, CIMINELLI, and AIELLO, the "Target Subjects") is believed to use Target Cellphone-4. ███ is the Service Provider for Target Cellphone-4.   In this Affidavit, I refer to the Target Cellphone-1, Target Cellphone-2, Target Cellphone-3, and Target Cellphone-4 collectively as the "Target Cellphones," and I also refer to ███ collectively as the "Service Providers."   Details about the Target Cellphones are summarized below:

| Cellphone | Number | Service Provider | User |
|---|---|---|---|
| Target Cellphone-1 | ███ | ███ | PERCOCO |
| Target Cellphone-2 | ███ | ███ | CIMINELLI |
| Target Cellphone-3 | ███ | ███ | AIELLO |
| Target Cellphone-4 | ███ | ███ | KELLY |

5.   **Precision Location Capability.**   Cellphone service providers have technical capabilities that allow them to collect at least two kinds of information about the locations of the cellphones to which they provide service: (a) precision location information, also known as E-911 Phase II data, GPS data, GPS coordinates, or latitude-longitude data, and (b) cell site data, also known as "tower/face" or "tower/sector" information.   Precision location information

CIMINELLI_00000032

provides relatively precise location information about a cellphone, which a provider can typically collect either via GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers. Cell site data, by contrast, reflects only the cell tower and sector thereof utilized in routing any communication to and from the cellphone, as well as the approximate range of the cellphone from the tower during the communication (sometimes referred to as "per-call measurement" ("PCM") or "round-trip time" ("RTT") data). Because cell towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas, cell site data is typically less precise than precision location information. Based on my training and experience, I know that the Service Providers have the technical ability to collect precision location information from any cellphone on its network, including by initiating a signal on the Service Providers' network to determine the phone's location. I further know that cell site data is routinely collected by the Service Providers in the course of routing calls placed to or from any cellphone on their networks.[1]

6. **Successor Service Providers.** Because it is possible that the Target Subjects may change cellphone service providers during the course of this investigation, it is requested that the warrant and investigative order requested apply without need for further order to any Successor Service Providers who may provide service to the Target Cellphones during the time frames at issue herein.

## II. Facts Establishing Probable Cause

7. Although I understand that probable cause is not necessary to obtain all of the Requested Information, I respectfully submit that probable cause exists to believe that (a) JOSEPH PERCOCO, a/k/a "Herb," conspired to commit extortion in violation of Title 18,

---

[1] Toll records are sometimes necessary or helpful in order to obtain or interpret historical cell site data and are therefore also requested herein.

2016-09-21

CIMINELLI_00000033

United States Code, Section 1951, conspired to commit honest services fraud in violation of Title 18, United States Code, Section 1349, and solicited bribes and gratuities in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2, among other violations of federal law; (b) LOUIS CIMINELLI conspired to commit wire fraud in violation of Title 18, United States Code, Section 1349 and paid bribes and gratuities in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2; (c) STEVEN AIELLO conspired to commit wire fraud in violation of Title 18, United States Code, Section 1349 and paid bribes and gratuities in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2; and (d) PETER GALBRAITH KELLY, Jr., a/k/a "Braith," conspired to commit honest services fraud in violation of Title 18, United States Code, Section 1349 and paid bribes and gratuities in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2. There are currently outstanding arrest warrants for PERCOCO, CIMINELLI, AIELLO, and KELLY that were issued on September 20, 2016 by the United States District Court for the Southern District of New York. The arrest warrants and the criminal Complaint charging, among others, PERCOCO, CIMINELLI, AIELLO, and KELLY with violations of federal law are attached hereto as Exhibit A.

8. Furthermore, as set forth in detail below, I respectfully submit that there is probable cause to believe that PERCOCO is the current user of Target Cellphone-1; CIMINELLI is the current user of Target Cellphone-2; AIELLO is the current user of Target Cellphone-3; and KELLY is the current user of Target Cellphone-4. Accordingly, I believe the Requested Information, which includes prospective location information for the Target Cellphones, will assist law enforcement in arresting the Target Subjects, each of whom is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9. On September 20, 2016, the Honorable Gabriel W. Gorenstein, United States

CIMINELLI_00000034

Magistrate Judge, signed the criminal Complaint attached hereto as Exhibit A, which, as noted above, charged PERCOCO, CIMINELLI, AIELLO, KELLY, and others with violations of federal law. That same day, Judge Gorenstein issued arrest warrants for, among others, PERCOCO, CIMINELLI, AIELLO, and KELLY. *See* Exhibit A.

10. I believe that PERCOCO is the user of Target Cellphone-1 based on, among things, the following:

       a. Based on my review of records from ███████████████, I know that PERCOCO is listed as the contact person for Target Cellphone-1.

       b. Based on my review of emails obtained pursuant to judicially-authorized search warrants and grand jury subpoenas, I learned that, on or about May 19, 2014, PERCOCO sent an email in which his signature line included his name and Target Cellphone-1's number.

11. I believe that CIMINELLI is the user of Target Cellphone-2 based on, among things, the following:

       a. Based on my review of emails obtained pursuant to judicially-authorized search warrants and grand jury subpoenas, I learned that, (i) on or about September 10, 2013, CIMINELLI sent an email informing a co-conspirator ("CC-1") that his "Cell" number was that of Target Cellphone-2; and (ii) on or about September 25, 2015, a different co-conspirator ("CC-2") sent an email to PERCOCO providing Target Cellphone-2 as the phone number of CIMINELLI.

       b. Based on my search of a public records database, I know that Target Cellphone-2 is associated with CIMINELLI in that database.

12. I believe that AIELLO is the user of Target Cellphone-3 based on, among things, the following:

6

CIMINELLI_00000035

    a.  Based on my review of ███████████ records, I know that AIELLO is listed as the subscriber for Target Cellphone-3.

    b.  Based on my review of emails obtained pursuant to judicially-authorized search warrants and grand jury subpoenas, I learned that, on or about April 30, 2014, CC-2 sent an email to another individual asking that individual to "pls call Steve and I in car when you can" and providing Target Cellphone-3.

    13. I believe that KELLY is the user of Target Cellphone-4 based on, among things, the following:

    a.  Based on my review of ██████ records, I know that KELLY is listed as the subscriber for Target Cellphone-4.

    b.  Based on my review of emails obtained pursuant to judicially-authorized search warrants and grand jury subpoenas, I learned that, (i) the Executive Director of a State agency had contact information for KELLY listing Target Cellphone-4 as KELLY's "mobile"; and (ii) on or about July 29, 2014, KELLY sent an email to a coworker in which Target Cellphone-4 was listed as KELLY's "cellular."

(continued on page 8, paragraph 13(A))

## III.  Request for Warrant and Order

    14. Based on the foregoing I respectfully request that the Court require the Service Providers to provide the Requested Information as specified further in the Warrant and Order proposed herewith, including prospective precision location and cell site data for a period of 45 days from the date of this Order, historical cell site data and toll records for the period from September 1, 2016 through the date of this Order, and pen register information for a period of 60 days from the date of this Order.

    15. **Nondisclosure.**  The existence and scope of this ongoing criminal investigation are not publicly known.  As a result, premature public disclosure of this affidavit or the requested

7

CIMINELLI_00000036

Warrant and Order could alert potential criminal targets that they are under investigation, causing

them to destroy evidence, flee from prosecution, intimidate potential witnesses, or otherwise

seriously jeopardize the investigation.   Accordingly, I respectfully request that the Provider be

directed not to notify the subscriber or others of the existence of the Warrant and Order for a

period of 180 days, and that the Warrant and Order and all supporting papers be maintained

under seal until the Court orders otherwise, as specified in the Application submitted in

conjunction with this Affidavit.

DELEASSA PENLAND
Criminal Investigator
United States Attorney's Office,
Southern District of New York

Sworn to before me this

21 _____ day of September, 2016

HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

13(A).   I know, based on conversations with members of the USAO, that the USAO press office today (i.e., September 21) received a call from a reporter with a national newspaper. The reporter stated, in sum and substance, that the newspaper plans to publish a story tonight on its website, and in print tomorrow, reporting that PERCOCO and others will be arrested tomorrow (i.e., September 22) on corruption charges related to the "Buffalo Billion." In addition, the USAO received a call from counsel for the Energy Company today during which counsel stated, in part and substance, that he had received a press inquiry asking about impending arrests related to the Buffalo Billion.

8

2016-09-21

CIMINELLI_00000037

**EXHIBIT C**

UNITED STATES DISTRICT COURT **16 MAG   6046**
SOUTHERN DISTRICT OF NEW YORK

In re: Warrant and Order For Prospective
and Historical Location Information and
Pen Register Information for the Four
Cellphones Assigned Call Numbers as
Described Herein, USAO Reference No.
2015R00444

ORIGINAL
**WARRANT AND ORDER**

\_\_\_\_\_ **Mag.** _____

**Warrant and Order**
**for Cellphone Location Information and Pen Register Information**
**and for Sealing and Non-Disclosure**

TO:  ███████████████████ ("Service Providers"), and any subsequent provider of
service to the Target Cellphones specified below ("Subsequent Service Provider")

United States Attorney's Office and Federal Bureau of Investigation ("Investigating
Agency")

Upon the Application and Agent Affidavit submitted by the Government in this matter:

## I.  Findings

The Court hereby finds:

1.  The Target Cellphones that are the subject of this Order are as follows:

| Cellphone | Number | Service Provider |
|---|---|---|
| Target Cellphone-1 | ███████ | ███████ |
| Target Cellphone-2 | ███████ | ███████ |
| Target Cellphone-3 | ███████ | ███████ |
| Target Cellphone-4 | ███████ | ███████ |

2.  Pursuant to 18 U.S.C. § 2703(c)(1)(A) and the applicable provisions of Rule 41 of the
Federal Rules of Criminal Procedure, the Government's application sets forth probable cause to
believe that the prospective and historical location information for the Target Cellphones

# EXHIBIT C

CIMINELLI_00000038

specified above will assist law enforcement in arresting JOSEPH PERCOCO, a/k/a "Herb," LOUIS CIMINELLI, STEVEN AIELLO, and PETER GALBRAITH KELLY, Jr., a/k/a "Braith," all of whom have been charged by criminal Complaint with violations of federal law, are the subjects of active arrest warrants, and thus are "person[s] to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

3. Pursuant to 18 U.S.C. § 2703(d), the Government's application also sets forth specific and articulable facts showing that there are reasonable grounds to believe that the historical location information and toll records for the Target Cellphones specified above are relevant and material to an ongoing criminal investigation.

4. Pursuant to 18 U.S.C. § 3123(b)(1), the Government has certified that the pen register information for the Target Cellphones specified above is relevant to an ongoing investigation by the Investigating Agency of PERCOCO, CIMINELLI, AIELLO, KELLY and others unknown in connection with suspected violations of federal law.

5. Pursuant to 18 U.S.C. § 2705(b), there is reason to believe that notification of the existence of this Warrant and Order will result in destruction of or tampering with evidence, flight from prosecution, and/or intimidation of potential witnesses, or otherwise will seriously jeopardize an ongoing investigation.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 3121 *et seq.*, 18 U.S.C. §§ 2701 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

**II. Order to Service Provider**

6. **Service Provider.** This Order shall apply to the Service Providers specified above, and to any subsequent providers of service to the Target Cellphones without need for further Order of this Court.

08.15.2014

2

7. **Prospective Location Information**. The Service Providers shall provide to the Investigating Agency on a prospective basis, for a period of 45 days from the date of this Order, information concerning the location of the Target Cellphones ("Prospective Location Information"), including all available:

a. precision location information, including GPS data, GPS coordinates, E-911 Phase II data, and latitude-longitude data; and

b. cell site data, including any data reflecting (a) the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Cellphones, and (b) the approximate range of the target phone from the cell towers during the communication (including per-call measurement ("PCM") or round-trip time ("RTT") data);

8. **Historical Location Information and Toll Records**. The Service Providers shall provide to the Investigating Agency all available historical cell site location information reflecting the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Cellphones, and the approximate range of the target phone from the cell towers during the communication (PCM/RTT data), for the period from September 1, 2016 through the date of this Order, as well as all available toll records (including call detail, SMS detail, or data session detail records) for the communications.

9. **Pen register with caller identification and/or trap and trace device.** The Service Providers shall provide to the Investigating Agency, for a period of 60 days from the date of this order, all dialing, routing, addressing, or signaling information associated with each voice, text, or data communication transmitted to or from the Target Cellphones, including but not limited to:

3

CIMINELLI_00000040

a. any unique identifiers associated with the phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, MIN, or MAC address;

b. source and destination telephone numbers and/or Internet protocol ("IP") addresses;

c. date, time, and duration of the communication; and

d. cell-site information as specified above.

10. **Technical Assistance.** The Service Providers shall furnish the Investigating Agency all information, facilities, and technical assistance necessary to accomplish the disclosure of all of the foregoing information relating to the Target Cellphones unobtrusively and with the minimum interference to the service presently provided to the subscribers.

11. **Non-Disclosure to Subscriber.** The Service Providers, including its affiliates, officers, employees, and agents, shall not disclose the existence of this Warrant and Order, or the underlying investigation, to the subscribers or any other person, for a period of 180 days from the date of this Warrant and Order, subject to extension upon application to the Court, if necessary.

**III. Additional Provisions**

12. **Compensation for Costs.** The Investigating Agency shall compensate the Service Providers for reasonable expenses incurred in complying with the Warrant and this Order.

08.15.2014

4

CIMINELLI_00000041

13. **Sealing.** This Warrant and Order, and the supporting Application and Agent Affidavit, shall be sealed until otherwise ordered by the Court, except that the Government may without further order of this Court: serve this Warrant and Order on the Service Providers; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

_Sept. 21, 2016_
Date Issued

_6:05pm_
Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

08.15.2014

5

CIMINELLI_00000042