USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/12/2018___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
UNITED STATES OF AMERICA,                  :
                                           :
        - v. -                             :
                                           :
ALAIN KALOYEROS,                           :        S2 16-CR-776 (VEC)
        a/k/a "Dr. K,"                     :
STEVEN AIELLO,                             :        JURY INSTRUCTIONS
JOSEPH GERARDI, and                        :
LOUIS CIMINELLI,                           :
                                           :
                        Defendants.        :
----------------------------------------------------------- X


VALERIE CAPRONI, UNITED STATES DISTRICT JUDGE:

I.      INTRODUCTION...........................................................................................................3

II.     GENERAL INSTRUCTIONS .....................................................................................3

        A.      ROLE OF THE COURT................................................................................3

        B.      ROLE OF THE JURY...................................................................................4

        C.      ROLE OF COUNSEL / OBJECTIONS..........................................................4

        D.      SYMPATHY OR BIAS ................................................................................4

        E.      PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF......................5

        F.      REASONABLE DOUBT ..............................................................................6

        G.      WHAT IS AND IS NOT EVIDENCE.............................................................6

        H.      DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................8

        I.      WITNESS CREDIBILITY ...........................................................................9

        J.      BIAS OF WITNESSES .............................................................................11

        K.      UNCALLED WITNESSES .........................................................................12

        L.      SUMMARY CHARTS ...............................................................................12

        M.      REDACTIONS ........................................................................................12

        N.      PERSONS NOT ON TRIAL .......................................................................13

        O.      DEFENDANT'S RIGHT NOT TO TESTIFY ...............................................13

III.    SUBSTANTIVE INSTRUCTIONS............................................................................13

        A.      INDICTMENT IS NOT EVIDENCE ...........................................................13

        B.      MULTIPLE COUNTS / MULTIPLE DEFENDANTS .....................................13

C. THEORIES OF THE DEFENSE......................................................................... 14

D. COUNTS TWO AND THREE – WIRE FRAUD ........................................... 15

E. COUNT ONE – CONSPIRACY TO COMMIT WIRE FRAUD ........................ 21

F. COUNT FOUR – FALSE STATEMENT..................................................... 23

G. VENUE .................................................................................................. 26

H. MOTIVE ................................................................................................ 28

I. VARIANCE IN DATES ............................................................................ 28

J. LAW ENFORCEMENT TECHNIQUES ....................................................... 28

IV. **FINAL INSTRUCTIONS**.................................................................... **28**

A. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT ................................................................................................... 28

B. NOTES ................................................................................................... 29

C. DUTY TO DELIBERATE / UNANIMOUS VERDICT ................................... 30

D. SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES ............... 30

E. VERDICT FORM AND RETURN OF VERDICT .......................................... 31

F. EXCEPTIONS.......................................................................................... 31

G. OATH .................................................................................................... 31

1    I.   INTRODUCTION

2          Members of the jury, you have heard all of the evidence.  I am now going to instruct you

3    on the law that governs the case.  There are three parts to these instructions:

4          First, I will provide you with some general instructions about your role and about how

5    you are to decide the facts of the case.  These instructions would apply to just about any trial.

6          Second, I will give you specific instructions about the legal rules applicable to this

7    particular case.

8          Third, I will give you instructions on the general rules governing your deliberations.

9          I will read most of this.  It's not my favorite way to communicate with a jury, but because

10   there is a need for precision, it's important that I get the words just right, and so that's why I will

11   be reading.

12         I have provided each of you with a copy of this charge.  If you find it easier to listen and

13   understand while you are reading along, please do so.  If you would prefer, you can just listen.

14   Either way, you will have a copy of the charge with you in the jury room so you can consult it if

15   you want to re-read any portion to facilitate your deliberations.  You will also have in the jury

16   room a verdict form on which to record your verdict.

17   II.  GENERAL INSTRUCTIONS

18              A.  Role of the Court

19         It is my duty to instruct you on the law, just as it has been my duty to preside over the

20   trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21   accept my instructions on the law and to apply them to the facts as you determine them.

22         On legal matters, you must take the law as I give it to you.  You may not substitute your

23   own notions or opinions of what the law is or ought to be.  You should not be concerned about

24   the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

1   law may be—or should be—it would violate your sworn duty to base a verdict upon any view of

2   the law other than that which I give you.

3          If any attorney has stated a legal principle different from what I tell you, you must follow

4   my instructions.  You should not single out any particular instruction as alone stating the law.

5   You should consider my instructions as a whole as you deliberate.

6          You should not infer from anything I have said or done during this trial that I have any

7   view on the credibility of the witnesses or any view about how you should decide the case.  I

8   have no opinion as to the facts or the verdict that you should render in this case.

9         **B.  Role of the Jury**

10         You are the sole and exclusive judges of the facts.  You determine the credibility of the

11   witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

12   reasonable inferences you decide to draw from the facts as you have determined them, and you

13   determine the weight to give the various pieces of evidence.

14         You must base your discussions and decisions solely on the evidence presented to you

15   during the trial and that evidence alone.  You may not consider or speculate on matters not in

16   evidence or matters outside the case.

17         **C.  Role of Counsel / Objections**

18         As I told you at the outset of the case, it is the duty of the attorneys to object when the

19   other side offers testimony or evidence that the attorney believes is not properly admissible.

20   Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you

21   draw any inference from the fact that I might have sustained or overruled an objection.

22         **D.  Sympathy or Bias**

23         You are required to evaluate the evidence calmly and objectively, and you must be

24   completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

1    this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

2    prejudice or bias for or against either side.  Our judicial system works only if you reach your

3    verdict through a completely fair and impartial consideration of the evidence.

4              In deciding the facts of the case, it would be improper for you to consider any personal

5    feelings you may have about any party or any witness, or any other such irrelevant factor.  This

6    case must be decided by you as an action between parties of equal standing in the community

7    and of equal worth.  All parties are entitled to the same fair trial.  The Government and the

8    Defendants stand as equals before the law and are to be dealt with as equals in this Court.

9              **E.  Presumption of Innocence and Burden of Proof**

10             The Defendants—Alain Kaloyeros, Steven Aiello, Joseph Gerardi, and Louis Ciminelli—

11   are each charged with several federal crimes about which I will instruct you shortly.  Please bear

12   in mind, however, that the charges are not evidence of anything.  Each Defendant is presumed

13   innocent.

14             The Defendants have pleaded not guilty.  The Government has the burden of proving

15   each essential element of each charge as to each Defendant beyond a reasonable doubt.  If the

16   Government succeeds in meeting its burden as to a particular Defendant on a particular charge,

17   your verdict must be guilty as to that Defendant on that charge; if it fails, your verdict must be

18   not guilty as to that Defendant on that charge.  The burden of proof never shifts to a Defendant.

19   The law presumes each Defendant to be innocent and therefore never imposes upon a Defendant

20   in a criminal case the burden or duty of calling any witness or producing any evidence.

21             In other words, as to each charge, each Defendant starts with a clean slate and is

22   presumed innocent until such time, if ever, that you as a jury are satisfied that the Government

23   has proven, beyond a reasonable doubt, that he is guilty of that crime.

1          **F.  Reasonable Doubt**

2          The question then becomes: what is a reasonable doubt?

3          The words almost define themselves.  It is a doubt based upon reason and common sense.

4     It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

5     doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or

6     her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so

7     convincing that a reasonable person would not hesitate to rely upon it in making an important

8     decision.

9          Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

10    reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

11    or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

12    duty.

13         If, after fair and impartial consideration of the evidence, you have a reasonable doubt as

14    to a Defendant's guilt as to a particular charge against him, then you must find him not guilty on

15    that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you

16    are satisfied beyond a reasonable doubt of a Defendant's guilt as to a particular charge, then you

17    must find him guilty of that charge.

18         **G.  What Is and Is Not Evidence**

19         I want to take a moment to describe to you what is and is not evidence in this case.  As I

20    have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

21    sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

22    evidence.  Other things are not evidence.

1.      A question by a lawyer is not evidence.  The witnesses' answers are evidence, not the questions.  Similarly, documents that lawyers provided to witnesses to refresh their recollections are not evidence; only the witnesses' answers are evidence.

2.      Arguments by lawyers are not evidence.  What the attorneys said in their opening statements and in their summations was intended to help you understand the evidence and to reach a verdict.  If your recollection of the facts differs from the attorneys' statements, it is your recollection that controls.

3.      Statements that I may have made concerning the evidence are not evidence.

4.      Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.      Anything you may have seen or heard outside the courtroom is not evidence.

Now I will discuss what is evidence.  Evidence may come in several forms:

1.      The sworn testimony of witnesses, regardless of who called the witness, is evidence.  This is true of the witnesses' answers on both direct and cross examination.

2.      The exhibits that were admitted during the trial are evidence.  At the time Government Exhibits 1501 and 1502 were introduced, I told you that they could be considered against some but not all of the Defendants.  I now instruct you that those exhibits can be considered against all four Defendants.

3.      The stipulations that both parties agreed to and read during the trial are evidence.  You must accept as true the facts to which the parties stipulated.  Some of the stipulations were about what a witness would have said if he or she had been called to testify.  You must accept as

1 true the fact that the witness would have given that testimony, but it is up to you to determine the

2 weight or importance of that testimony.

3         **H.  Direct and Circumstantial Evidence**

4       Generally, there are two types of evidence that you may consider in reaching your

5 verdict—direct and circumstantial.

6       Direct evidence is testimony by a witness about something he or she knows by virtue of

7 his or her own senses—something that he or she has done, seen, felt, touched, or heard.  For

8 example, if a witness testified that on the day in question she was in her office, and she could see

9 that it was raining all day, then that would be direct evidence about the weather on that day.

10       Circumstantial evidence is evidence of one fact from which you may infer the existence

11 of other facts.  For example, assume that a witness testified that his office does not have a

12 window.  On the day in question, however, he saw numerous people coming into the office with

13 wet raincoats and carrying dripping umbrellas.  That testimony about the wet raincoats and

14 dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you

15 have no direct evidence regarding the weather, you have circumstantial evidence that it was

16 raining.

17       With circumstantial evidence, you must be careful to draw reasonable inferences that

18 reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

19 see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

20 night.  Instead, a more reasonable inference is that the building staff has hosed down the

21 sidewalk.

22       That is all there is to circumstantial evidence.  You infer on the basis of reason and

23 common sense from one fact (in my first example, dripping raincoats, and umbrellas) the

1    existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

2    evidence is presented, it is of no less weight than direct evidence.

3    **I.   Witness Credibility**

4    **1.    General Credibility**

5    You have had the opportunity to observe the witnesses.  You are the sole judges of the

6    credibility of each witness and of the importance of his or her testimony.  Decide what testimony

7    to believe and what not to believe.  Consider: each witness's demeanor and manner of testifying;

8    the witness's opportunity to see, hear, and know about the events described; the witness's ability

9    to recall and describe those things; and the reasonableness of the testimony in light of all the

10   other evidence in the case.  Consider whether part of a witness's testimony was contradicted or

11   supported by other testimony, by what the witness said or did on a prior occasion, by the

12   testimony of other witnesses, or by other evidence.

13   If you find that a witness has willfully testified falsely as to an important matter, you may

14   disregard the witness's entire testimony, or you may accept as much of the testimony as you find

15   to be true and disregard what you find to be false.  A witness may have been mistaken or may

16   have lied in part of his or her testimony while having been accurate and truthful in other parts.

17   **2.    Cooperating Witness**

18   You have heard from a cooperating witness, Kevin Schuler, and heard evidence about his

19   cooperation agreement with the Government.  The Government is permitted to enter into these

20   kinds of agreements and is entitled to call cooperating witnesses.  You may convict a Defendant

21   on the basis of such a witness's testimony alone, if you find that the testimony proves the

22   Defendant's guilt beyond a reasonable doubt.

23   Because Mr. Schuler is a cooperating witness, however, you should examine his

24   testimony with great care and caution.  You should look at all of the evidence and decide what

1    credence and what weight, if any, to give to his testimony.  You should ask yourselves whether

2    he would benefit more by lying or by telling the truth.  Did Mr. Schuler believe that his interests

3    would be best served by testifying truthfully or falsely?  If you believe that Mr. Schuler was

4    motivated by hope of personal gain, was the motivation one that would cause him to lie, or was it

5    one that would cause him to tell the truth?  Did this motivation color his testimony?

6         You also heard testimony that Mr. Schuler pled guilty to certain crimes that are related to

7    the allegations in this case.  You are not permitted to draw conclusions or inferences of any kind

8    about the guilt of any of the Defendants from the fact that Mr. Schuler pled guilty.  Mr. Schuler's

9    decision to plead guilty was a personal decision by him about his own guilt.  It may not be used

10   by you in any way as evidence against any of the Defendants.

11              **3.      Law Enforcement Witnesses**

12        You have also heard the testimony of law enforcement witnesses.  The fact that a witness

13   is employed as a law enforcement official or government employee does not mean that his or her

14   testimony is deserving of more or less consideration, or greater or lesser weight, than that of a

15   witness who is not employed by law enforcement.

16              **4.      Witness Preparation**

17        You have heard evidence during the trial that witnesses have discussed the facts of the

18   case and their testimony with the Government before the witnesses appeared in court.  Although

19   you may consider that fact when you are evaluating a witness's credibility, there is nothing

20   unusual or improper about a witness meeting with lawyers before testifying so that the witness

21   can be aware of the subjects he or she will be questioned about, focus on those subjects, and have

22   the opportunity to review relevant exhibits before being questioned about them.  Such

23   consultation helps conserve your time and the Court's time.

1          **5.        Conclusion**

2          Going back to witnesses generally, you should consider whether a witness had an

3    opportunity to observe the facts he or she testified about.  You should also consider whether the

4    witness's recollection of the facts stands up in light of the other evidence in the case.  In other

5    words, what you must try to do in deciding credibility is to size up a person just as you would in

6    any important matter in your own life where you are trying to decide if a person is truthful,

7    straightforward, and accurate in his or her recollection.

8          **J.  Bias of Witnesses**

9          In deciding whether to believe a witness, you should specifically note any evidence of

10   hostility or affection that the witness may have had for or against a Defendant.  Likewise, you

11   should consider evidence of any other interest or motive that the witness may have had in

12   cooperating with or helping either party.

13         It is your duty to consider whether the witness has permitted any such bias or interest to

14   color his or her testimony.  If you find that a witness is biased, you should view his or her testimony

15   with caution, weigh it with care, and subject it to close and searching scrutiny.

16         Of course, the mere fact that a witness is interested in the outcome of the case does not

17   mean the witness has not told the truth.  It is for you to decide from your observations, applying

18   your common sense and experience, and all the other considerations mentioned, whether the

19   possible interest of a witness has intentionally or otherwise colored or distorted the witness's

20   testimony.  You are not required to believe or disbelieve an interested witness; you may accept

21   as much of the testimony as you deem reliable and reject as much as you deem unworthy of

22   belief.

1            **K.  Uncalled Witnesses**

2            There are several persons whose names you have heard during the course of the trial who

3    did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to

4    call these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

5    to what such witnesses would have said had they been called.  In some cases, you have also

6    heard and seen evidence of their out-of-court statements and emails.  You should evaluate the

7    credibility of those statements just as you would evaluate the credibility of the person had he or

8    she testified.

9            Remember, however, that the law does not impose on a defendant in a criminal case the

10   burden or duty of calling any witnesses or producing any evidence because the burden of proof is

11   always on the Government.

12           **L.  Summary Charts**

13           Some of the exhibits admitted into evidence were in the form of charts and summaries.

14   These exhibits purport to summarize the underlying evidence that was used to prepare them.

15   They are not better evidence than the testimony or the documents upon which they are based.  I

16   decided to admit these charts and summaries in order to save time.  You should consider these

17   charts and summaries as you would any other evidence.

18           **M. Redactions**

19           Among the exhibits admitted into evidence were documents that were redacted.

20   "Redacted" means that part of the document was removed or blacked out.  You are to concern

21   yourself only with the part of the item that has been admitted into evidence.  You should not

22   consider any possible reason why the remainder has been redacted or speculate as to what may

23   have been redacted that was not introduced into evidence.

1            **N.  Persons Not on Trial**

2          Some of the people who may have been involved in the events at issue in this trial are not

3 on trial.  You may not draw any inference, favorable or unfavorable, toward the Government or

4 the Defendants from the fact that persons other than the Defendants were not named as

5 defendants in the Indictment.  In addition, you may not speculate as to the reasons why such

6 persons are not defendants in this trial.  Those matters are wholly outside your concern and have

7 no bearing on your function as jurors.

8            **O.  Defendant's Right Not to Testify**

9          Under our Constitution, a defendant has no obligation to testify or to present any

10 evidence, because it is the Government's burden to prove a defendant's guilt beyond a

11 reasonable doubt.  A defendant is never required to prove that he is not guilty.

12          In this case, no Defendant testified.  You must not attach any significance to that fact.

13 You may not draw any adverse inference against any Defendant because he did not testify, and

14 you may not consider it against any Defendant in any way during your deliberations.

15 **III. SUBSTANTIVE INSTRUCTIONS**

16            **A.  Indictment is Not Evidence**

17          The Defendants are charged in an indictment.  Each charge is called a "count."  You will

18 have the Indictment with you in the jury room, but the Indictment itself is not evidence of

19 anything.  It is merely a set of accusations.

20            **B.  Multiple Counts / Multiple Defendants**

21          The Indictment contains four counts.  Each count has a number, but there is no

22 significance to the order of the counts or the number of counts charged.  Each count charges at

23 least one Defendant with a crime, but not every Defendant is charged in every count.  You must

1 consider each count and each Defendant separately.  You will be required to return a separate

2 verdict for each Defendant on each count in which he is charged.

3       Your verdict as to each Defendant must be determined separately with respect to him,

4 solely on the evidence or lack of evidence presented against him, without regard to the guilt or

5 innocence of anyone else.  Your verdict as to any Defendant on any count should not control

6 your decision as to any other Defendant or any other count.

7       **C. Theories of the Defense**

8       **1.     Alain Kaloyeros**

9       Dr. Kaloyeros contends that he acted in good faith at all times relevant to the Syracuse

10 and Buffalo RFPs and did not intend to defraud Fort Schuyler.  He also contends that he acted in

11 good faith with respect to the later assignment of projects to developers in Buffalo and Syracuse

12 and with respect to the negotiation of the contracts for those projects.  Dr. Kaloyeros contends

13 that he believed that the Syracuse and Buffalo RFPs, and the process by which Fort Schuyler

14 managed the RFPs, were fair, open, and competitive.  Dr. Kaloyeros also contends that he did

15 not make any representations to the Board of Fort Schuyler about whether the RFPs and the RFP

16 process were fair, open, and competitive.

17       **2.     Steven Aiello**

18       Mr. Aiello denies that he conspired with the other Defendants or that he committed wire

19 fraud.  Mr. Aiello contends that he acted in good faith at all times.

20       **3.     Joseph Gerardi**

21       Mr. Gerardi also contends that he acted in good faith.  He contends that COR hired Todd

22 Howe to assist COR in competing for government-related development projects.  He further

23 contends that he believed that all steps Mr. Howe instructed COR to take—and all steps Mr.

24 Howe took on COR's behalf—were appropriate and legal.  Mr. Gerardi denies that he took any

1    action to tailor the Syracuse RFP to favor COR or that he intended to tailor the Syracuse RFP to

2    favor COR.  Mr. Gerardi also denies that he joined the conspiracy charged in the Indictment.

3               **4.**      **Louis Ciminelli**

4          Mr. Ciminelli denies that the Buffalo RFP was tailored to favor LPCiminelli.  Mr.

5    Ciminelli denies doing anything to influence the Buffalo RFP to favor LPCiminelli and denies

6    making any misrepresentation to Fort Schuyler.  Mr. Ciminelli contends that LPCiminelli was

7    selected as a preferred developer by the Fort Schuyler Board because it submitted the best

8    response and not because the Buffalo RFP was tailored to favor LPCiminelli.  Mr. Ciminelli also

9    denies that he joined the conspiracy charged in the indictment.

10            **D.  Counts Two and Three – Wire Fraud**

11          As I indicated, the indictment has four counts.  The order of the counts in the Indictment

12    is not important.  For convenience, I will begin with Counts Two and Three – the wire fraud

13    counts – and come back to Counts One and Four.

14          Count Two charges Dr. Kaloyeros and Messrs. Aiello and Gerardi with wire fraud in

15    connection with the Syracuse RFP.  Count Three charges Dr. Kaloyeros and Mr. Ciminelli with

16    wire fraud in connection with the Buffalo RFP.  Because the elements of Counts Two and Three

17    are the same—in both cases the Government charges wire fraud—I will describe the elements to

18    you only once.  But in evaluating whether the Government has proved its case beyond a

19    reasonable doubt you must evaluate each Defendant and each count separately.

20          To prove wire fraud, the Government must prove, beyond a reasonable doubt, the

21    following elements:

22          <u>First</u>, that there was a scheme to defraud, as alleged in the Indictment.

23          <u>Second</u>, that the Defendant you are considering knowingly and willfully participated in

24    that scheme with knowledge of its fraudulent nature and with specific intent to defraud.

1    Third, that the Defendant you are considering used or caused the use of interstate wire

2    communications in furtherance of the scheme to defraud.

3              1.      **Element One: A Scheme to Defraud**

4           The first element that the Government must prove, beyond a reasonable doubt, is that

5    there was a scheme to defraud.  A scheme to defraud is a scheme to obtain money or property in

6    which false representations are made regarding material facts, if the falsity is reasonably

7    calculated to deceive persons of average prudence.  In this case, the Government alleges that the

8    Defendants falsely represented to Fort Schuyler that the bidding processes for the Syracuse and

9    Buffalo RFPs were fair, open, and competitive, when, in truth, the Syracuse and Buffalo RFPs

10   were tailored so that Messrs. Aiello and Gerardi's company, COR, and Mr. Ciminelli's company,

11   LPCiminelli, would be selected as preferred developers.

12          A representation is false if it was untrue when made and was known to be untrue by the

13   person making the representation or causing it to be made, at the time it was made.  A false

14   representation is fraudulent if it was made with the intent to deceive.  The false or fraudulent

15   representation must relate to a material fact or matter.  A fact is material if the fact is one that

16   was capable of influencing the decision-maker to whom it was directed—here, Fort Schuyler—

17   and was intended by the person making the representation to do so.  It is not necessary that Fort

18   Schuyler actually relied on the false or fraudulent representation.  Deceitful statements of half-

19   truths of material facts may also constitute false representations under the statute.

20          In addition to proving that a statement was false or fraudulent and related to a material

21   fact, in order to prove a scheme to defraud, the Government must prove that the alleged scheme

22   contemplated depriving Fort Schuyler of money or property.  Property includes intangible

23   interests such as the right to control the use of one's assets.  The victim's right to control the use

1    of its assets is injured when it is deprived of potentially valuable economic information that it

2    would consider valuable in deciding how to use its assets.  In this context, "potentially valuable

3    economic information" is information that affects the victim's assessment of the benefits or

4    burdens of a transaction, or relates to the quality of goods or services received or the economic

5    risks of the transaction.  If all the Government proves is that the Defendant caused Fort Schuyler

6    to enter into an agreement it otherwise would not have, or caused Fort Schuyler to transact with a

7    counterparty it otherwise would not have, without proving that Fort Schuyler was thereby

8    exposed to tangible economic harm, then the Government will not have met its burden of proof.

9    In this regard, economic harm is not limited to monetary loss.  Instead, tangible economic harm

10   has been proven if the Government has proven that the scheme, if successful, would have created

11   an economic discrepancy between what Fort Schuyler reasonably anticipated it would receive

12   and what it actually received.

13           In order to find that there was a scheme to defraud it is not necessary that the Defendant

14   actually realized any gain from the scheme, that Fort Schuyler actually suffered any pecuniary

15   loss, or that the scheme was completed.

16           Finally, it does not matter whether Fort Schuyler might have discovered the fraud had it

17   probed further.  If you find that a scheme to defraud existed, it is irrelevant whether you believe

18   that Fort Schuyler was careless, gullible, or even negligent.

19           **2.      Element Two: Knowing and Willful Participation in the Scheme**
20
21           The second element that the Government must prove, beyond a reasonable doubt, is that

22   the Defendant you are considering participated in the scheme to defraud knowingly, willfully,

23   and with a specific intent to defraud.  This element involves the Defendant's state of mind, which

24   is a question of fact for you to determine, like any other fact question.  "Knowingly" means to

1    act voluntarily and deliberately, rather than mistakenly or inadvertently.  "Willfully" means to

2    act knowingly and purposely, with an intent to do something the law forbids; that is to say, with

3    a bad purpose either to disobey or to disregard the law.  "Intent to defraud" means to act

4    knowingly and with a specific intent to deceive, for the purpose of causing Fort Schuyler to enter

5    into a transaction without potentially valuable economic information, as I previously defined that

6    term.

7            It is not necessary that the Defendant participate in or even know about all of the

8    operations of the scheme.  A person who begins to participate in a scheme after it begins is just

9    as guilty as a person who participates from the beginning, as long as the person who joins at a

10    later point becomes aware of the scheme's general purpose and operation and acts intentionally

11    to further its unlawful goal or goals.  And, the Government need not prove that the Defendant

12    participated in the scheme to the same degree as other participants.

13            Because direct proof of knowledge and fraudulent intent is not always available, they are

14    sometimes established through circumstantial evidence.  As I charged previously, circumstantial

15    evidence is of no less value than direct evidence.   That said, your determination on this element,

16    like all elements, must be based on evidence—direct, circumstantial, or both—and the logical

17    inferences that may be drawn from that evidence, and not based on speculation.

18            Because intent to defraud is an element of the crime, it follows that good faith on the part

19    of a Defendant is a complete defense to a charge of wire fraud.  An honest belief in the truth of

20    the representations made by a Defendant is a complete defense, even if the representations turned

21    out to have been false.  Similarly, an honest belief that Fort Schuyler was not being deprived of

22    potentially valuable economic information despite a false representation is a complete defense.

23    The Defendant has no burden to establish good faith.  The burden is on the Government to prove

1    fraudulent intent, and the consequent lack of good faith, beyond a reasonable doubt.  In this

2    regard, it is not necessary for the Government to prove that the Defendant was motivated solely

3    by improper considerations.  A defendant may be found to have an intent to defraud even if he

4    also has other proper or neutral intents.  The Government will have satisfied its burden of proof

5    on this element if you find that the Defendant had an intent to defraud, even if he also had other

6    proper or neutral intents for his actions.

7           In considering whether a Defendant acted in good faith, you are instructed that if a

8    Defendant knowingly and willfully participated in the scheme to deprive Fort Schuyler of

9    potentially valuable economic information, a belief by that Defendant that eventually everything

10   would work out so that Fort Schuyler would get a good deal does not mean that the Defendant

11   acted in good faith.

12                 **3.      Element Three: Use of Interstate Wires**
13
14          The final element that the Government must prove, beyond a reasonable doubt, is that the

15   Defendant you are considering used or caused the use of at least one interstate wire

16   communication to further the scheme to defraud.  The wire communication, such as a telephone

17   call, fax, e-mail transmission, or bank transfer of money, must pass between two or more states.

18   The wire communication itself need not be fraudulent, but the Government must prove that the

19   wire communication in some way furthered or advanced the scheme to defraud.  It is not

20   necessary for the Defendant to have been directly or personally involved in the wire

21   communication, as long as the communication was reasonably foreseeable in the execution of the

22   scheme to defraud.  You must be unanimous as to which wire communication or

23   communications the Government has proven beyond a reasonable doubt, but this element is

24   satisfied if you are unanimous on at least one interstate wire communication.

1       If you find that all of the required elements of wire fraud have been proven, beyond a

2    reasonable doubt, then you must find the Defendant you are considering guilty of wire fraud.  On

3    the other hand, if you find that any element has not been proven, then you must find that

4    Defendant not guilty of wire fraud.

5                 **4.**        **Aiding and Abetting Wire Fraud**

6       The aiding and abetting statute provides, in relevant part, that "whoever commits an

7    offense . . . or aids, abets, counsels, commands, induces or procures its commission, is

8    punishable as a principal."  What that means is that, even if the Defendant himself did not

9    commit wire fraud, the Government may meet its burden of proof by: (i) proving that another

10   person actually committed the wire fraud with which the Defendant is charged; and (ii) proving

11   that the Defendant aided or abetted that person in the commission of that wire fraud.  A person

12   who aids or abets another to commit wire fraud is just as guilty of wire fraud as if he committed

13   the offense himself.  If you find that the Government has satisfied its burden of proof on Count

14   Two or Count Three based on the actions of the Defendant, then you should not consider

15   whether that Defendant also aided and abetted another in the commission of the crime.

16       In order to prove a particular Defendant guilty as an aider or abettor, the Government

17   must prove, beyond a reasonable doubt:

18       <u>First</u>, that one or more other persons committed the charged wire fraud (that is, that all of

19   the elements of the crime previously described were committed by someone);

20       <u>Second</u>, that the Defendant, knowing that such a crime was being committed,

21   intentionally associated himself with that crime; and

22       <u>Third</u>, that the Defendant intentionally took some action to help the crime succeed.

1    To act "intentionally" means to act deliberately and purposefully, rather than by mistake,

2 accident, mere negligence, or for some other innocent reason.

3    Please note, however, that the law does not permit guilt by association.  Therefore, the

4 mere presence of the Defendant where a crime is being committed, even if coupled with

5 knowledge by the Defendant that a crime is being committed, is not sufficient to make the

6 Defendant guilty as an aider and abettor.  The Defendant would be guilty of wire fraud as an

7 aider and abettor only if, in addition to knowing of the criminal activity, he actually took actions

8 intended to help the fraud succeed.

9    **E.  Count One – Conspiracy to Commit Wire Fraud**

10    Now let's go back to Count One, which charges all of the Defendants with conspiracy to

11 commit wire fraud.  In order to sustain its burden of proof on this charge, the Government must

12 prove the following two elements beyond a reasonable doubt:

13    <u>First</u>, that the charged conspiracy existed; and

14    <u>Second</u>, that the Defendant you are considering knowingly and intentionally became a

15 member of the conspiracy with the intent to accomplish its unlawful purpose.

16    **1.    Element One – Existence of the Conspiracy**

17    The first element is the existence of a conspiracy, the goal of which was to commit wire

18 fraud.  This element has two parts: (a) an agreement and (b) an illegal goal.

19    **(i)    Agreement**

20    Starting with the first part of Element One: a conspiracy is an agreement.  To meet its

21 burden of proof on this element, the Government must prove that there was an agreement

22 between two or more people to accomplish an illegal goal, in this case, to defraud Fort Schuyler.

23    The Government is not required to prove that two or more people sat around a table and

24 entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to

1   violate the law and spelling out who would do what in order to carry out the unlawful project.  It

2   is enough if two or more people, in some way or manner, expressly, impliedly, or tacitly, came to

3   an understanding to violate the law.

4                              **(ii)**     **Illegal Goal**

5   The second part of Element One is an illegal goal.  The Government alleges that the goal

6   of this conspiracy was to commit wire fraud by depriving Fort Schuyler of the right to control

7   how its assets were spent in connection with the Syracuse and Buffalo development projects.  I

8   instructed you previously on the elements of wire fraud and those instructions, including the

9   instructions on good faith, apply to this part of Element One.  Because Count One charges a

10  conspiracy, however, the Government does not have to prove that anyone actually committed

11  wire fraud; it need only prove that there was an agreement to do so.

12                           **2.**       **Element Two – Membership in the Conspiracy**

13  If you conclude that the Government has established that the charged conspiracy existed,

14  then you must consider whether the Government has proven that the Defendant you are

15  considering knowingly and intentionally joined the conspiracy with an awareness of the

16  generally unlawful nature of the conspiracy.   I have previously charged you on what it means to

17  act knowingly and intentionally.  Those definitions apply here as well.

18  It is not necessary that the Defendant was fully informed of all of the details of the

19  conspiracy or knew all of its participants.  He need only have known one other member of the

20  conspiracy and its unlawful goal.  He could have joined the conspiracy at any time and need not

21  have received any benefit in return.

22  I want to caution you, however, that mere association or friendship with a conspirator

23  does not make that person a member of the conspiracy, even if he knows that the conspiracy

24  exists.  In other words, knowledge and association are not enough; rather, to satisfy this element,

1    you must find that the Defendant you are considering intentionally participated in the conspiracy

2    with the purpose of helping to achieve an unlawful goal.

3         If you find that all of the required elements of conspiracy to commit wire fraud have been

4    proven, beyond a reasonable doubt, then you must find the Defendant you are considering guilty

5    on Count One.  On the other hand, if you find that any element has not been proven, then you

6    must find that Defendant not guilty on Count One.

7                        **3.     Multiple Conspiracies**

8         The Government has charged the existence of a single conspiracy.  A single conspiracy

9    exists when two or more people join together to further one common unlawful purpose.  By

10   contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve

11   distinct purposes, even if the conspiracies have similar goals or overlapping membership.  The

12   Government must convince you, beyond a reasonable doubt, that the conspiracy charged in the

13   Indictment existed and that the particular Defendant you are considering was a member of that

14   conspiracy.

15        You may find that the conspiracy charged in the Indictment existed even if you find that

16   not all Defendants were members of the conspiracy or that there were changes in membership in

17   the conspiracy, so long as you find that some of the conspirators continued to act for the entire

18   duration of the conspiracy.  You may also find a single conspiracy even if the conspiracy

19   involved two or more phases or spheres of operation, or different subgroups operating in

20   different places, so long as the conspirators shared a common goal, depended upon and assisted

21   each other as the opportunity arose, and were aware that they were part of a larger group in

22   which others performed similar roles.

23        If you find that the Government has not proven that the conspiracy charged in the

24   Indictment existed or that the particular Defendant whom you are considering was a member of

1   that conspiracy, then you must acquit that Defendant of this charge.  Proof that the Defendant

2   was a member of some other conspiracy is not enough to convict.  That said, proof that the

3   Defendant you are considering was a member of some other conspiracy in addition to the one

4   charged in the Indictment would not prevent you from returning a guilty verdict on Count One as

5   long as you find that the Government proved, beyond a reasonable doubt, that the Defendant was

6   a member of the conspiracy charged in the Indictment as well.

7               **F.   Count Four – False Statement**

8               Count Four charges Mr. Gerardi with making a false statement to federal agents and

9   representatives of the United States Attorney's Office.  Specifically, this count alleges that Mr.

10  Gerardi falsely denied his involvement in a scheme to tailor the Syracuse RFP for COR's benefit.

11              To satisfy its burden of proof on this count, the Government must prove, beyond a

12  reasonable doubt, the following elements:

13              First, that on or about June 21, 2016, Mr. Gerardi made a statement to a representative of

14  the United States Government in which he denied his involvement in a scheme to tailor the

15  Syracuse RFP for COR's benefit;

16              Second, that the statement was material;

17              Third, that the statement was false, fictitious, or fraudulent;

18              Fourth, that the statement was made knowingly and willfully; and

19              Fifth, that the statement related to a matter within the jurisdiction of the United States

20  Government.

21               **1.        Element One – A Statement**

22              The first element is that Mr. Gerardi made a statement in which he denied to

23  representatives of the United States Government that he was involved in a scheme to tailor the

24  Syracuse RFP for COR's benefit.

1             **2.**      **Element Two – Materiality**

2       The second element is that Mr. Gerardi's statement was material.  A statement is material

3       if it is capable of influencing the Government's decisions or activities.  The Government does

4       not need to prove that anyone actually relied on, made any decision, or took any action based on

5       Mr. Gerardi's statement.  This element requires only that the statement was capable of

6       influencing those decisions or activities.

7             **3.**      **Element Three – False, Fictitious, or Fraudulent Statement**

8       The third element is that Mr. Gerardi's statement was false, fictitious, or fraudulent.  A

9       statement is "false" or "fictitious" if it was untrue when it was made and if the person who made

10      the statement knew at the time that it was untrue.  A statement is "fraudulent" if it was untrue

11      when it was made and if it was made with the intent to deceive the government agency to which

12      it was made.

13            **4.**      **Element Four – Knowing and Willful Conduct**

14      The fourth element is that Mr. Gerardi acted knowingly and willfully when making the

15      statement.

16      As I have previously instructed, an act is done "knowingly" if it is done voluntarily and

17      on purpose, as opposed to by mistake or by accident.  An act is done "willfully" if it is done with

18      an intent to do something that the law forbids, that is, with a bad purpose to disobey or disregard

19      the law.

20            **5.**      **Element Five – Matter Within the Jurisdiction of the United States**
21                           **Government**

22      The fifth element is that the statement related to a matter within the jurisdiction of the

23      United States Government.  A statement is "within the jurisdiction of the United States

1    Government" if it concerns an authorized function of a department or agency of the United

2    States.

3           I instruct you that the Federal Bureau of Investigation and the United States Attorney's

4    Office are departments or agencies of the United States Government.

5           It is not necessary for the Government to prove that Mr. Gerardi knew that the statement

6    would be utilized in a manner that was within the jurisdiction of the United States Government,

7    so long as you find that the statement, in fact, related to a matter that was within the jurisdiction

8    of the United States Government.

9           If you find that all of the required elements of making a false statement have been

10   proven, beyond a reasonable doubt, then you must find Mr. Gerardi guilty of that charge.  On the

11   other hand, if you find that any element has not been proven, then you must find Mr. Gerardi not

12   guilty of that charge.

13          **G.  Venue**

14          In addition to proving the essential elements of each crime beyond a reasonable doubt,

15   the Government must also establish what is called "venue"—that is, that some act pertaining to

16   the charge occurred in the Southern District of New York.  The Southern District of New York

17   includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess,

18   Orange, and Sullivan Counties.  The Government does not have to prove that the complete crime

19   was committed within the Southern District of New York or that the Defendants were ever in the

20   Southern District of New York.

21          Venue must be examined separately for each count in the Indictment.  Venue on one

22   count does not establish venue on another count, although, if applicable, you may rely on the

23   same evidence to establish venue on multiple counts.

1    With respect to the charge of conspiracy to commit wire fraud and the false statements

2    charge—Counts One and Four—it is sufficient to establish venue if the Government proves that

3    any act in furtherance of the crime charged occurred in the Southern District of New York.  The

4    act itself need not be a criminal act; it could include, for example, meeting with others involved

5    in the criminal scheme within this District.  The act need not be taken by any Defendant or a

6    conspirator, as long as the act was caused by the conduct of a Defendant or a conspirator or was

7    reasonably foreseeable.

8    With respect to the wire fraud charges—Counts Two and Three—it is sufficient to

9    establish venue if the Government proves that any of the wire communications you found to

10   satisfy the third element of the offense were transmitted from or to the Southern District of New

11   York, so long as the Defendant reasonably anticipated that a wire communication in furtherance

12   of the scheme would be transmitted from or to the Southern District of New York.  If you found

13   a Defendant guilty on an aiding and abetting theory, you need not consider venue as to that

14   Defendant so long as the Government has proven venue with respect to the person whom the

15   Defendant aided and abetted.

16   Unlike the elements of the offenses that I have just discussed at length, each of which

17   must be proved beyond a reasonable doubt, the Government is required to prove venue only by a

18   preponderance of the evidence.  A preponderance of the evidence means the greater weight of

19   the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact

20   is more likely true than not true.

21   If you find that the Government failed to prove venue by a preponderance of the evidence

22   as to any count, you must return a verdict of not guilty as to that count.

### H.  Motive

Motive is not an element of any of the crimes charged in the Indictment.  Proof of a defendant's motive does not establish guilt, nor does the absence of proof of motive establish that the defendant is not guilty.  If the Government has proven a Defendant's guilt beyond a reasonable doubt, it is immaterial what the Defendant's motive for the crime or crimes may have been or whether there was any proof of the Defendant's motive.  The presence or absence of motive is, however, a circumstance that you may consider in determining the Defendant's intent.

### I.  Variance in Dates

The Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a date different than what is charged in the Indictment.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

### J.  Law Enforcement Techniques

You have heard references in this case that certain investigative techniques or methods of evidence collection were or were not used by the Government.  You may consider these facts in deciding whether the Government has met its burden of proof, but the Government and its techniques are not on trial.  There is no legal requirement that the Government use any particular investigative technique to prove its case.

## IV. FINAL INSTRUCTIONS

### A.  Right to See Exhibits and Hear Testimony; Communications with the Court

You are about to begin your deliberations.

We will send the Indictment and all of the exhibits that were received into evidence to the jury room for your use during deliberations.  Although each of the exhibits is labeled as either a "government exhibit" or "defense exhibit," that is only a convention; certain of the documents

1   labeled as "government exhibits" were introduced into evidence by the Defendants.  The exhibits

2   will all be loaded onto a laptop.  To the extent you want paper copies of any exhibit, please let us

3   know and we can provide you with paper copies as well.  If you want any further explanation of

4   the law or if you want to hear any testimony read back, you may request that.  If you ask for any

5   testimony to be reread, please be as specific as possible so that we can identify exactly what you

6   want read and not waste time reading testimony that you do not want to hear.  If there is any

7   doubt or question about the meaning of any part of the instructions that I have given you, you

8   should not hesitate to send me a note asking for clarification or for further explanation.

9           It is very important that you not communicate with anyone outside the jury room about

10   your deliberations or about anything touching on this case.  There is only one exception to this

11   rule.  If it becomes necessary during your deliberations to communicate with me, you should

12   send me a note, in writing, signed by your foreperson, and give it to the Marshal, who will be

13   available outside the jury room throughout your deliberations.

14           No member of the jury should ever attempt to communicate with me except by a signed

15   writing, and I will never communicate with a member of the jury on any subject touching on the

16   merits of the case other than in writing or orally here in open court.  If you send any notes to the

17   Court, do not disclose anything about your deliberations.  Specifically, do not disclose to

18   anyone—not even to me—how the jury stands, numerically or otherwise, until after you have

19   reached a unanimous verdict or have been discharged.

20           **B.  Notes**

21           Some of you have taken notes throughout this trial.  I want to emphasize to you that notes

22   are simply an aid to memory.  Your notes may not be given any greater weight or influence in

23   the determination of the case than the recollections of other jurors.  Any difference between a

24   juror's recollection and another juror's notes should be settled by asking to have the court

1   reporter read back the transcript, because it is the court record that the jury must rely on when

2   making a determination of the facts and rendering a verdict.

3             **C.  Duty to Deliberate / Unanimous Verdict**

4             You will now retire to decide your verdict.  As I have already explained, for the

5   Government to prevail as to a particular charge against a particular Defendant, the Government

6   must prove each essential element of the charge beyond a reasonable doubt.  If the Government

7   carries its burden, you must find that Defendant guilty of that count.  Otherwise, you must find

8   that Defendant not guilty of that count.

9             Your verdict must be unanimous.  Each juror is entitled to his or her opinion, but you are

10  also required to exchange views with your fellow jurors.  That is the very essence of jury

11  deliberation.  If you have a point of view and after discussing it with other jurors it appears that

12  your own judgment is open to question, then of course you should not hesitate to yield your

13  original point of view if you are convinced that the other view is one that satisfies your judgment

14  and conscience.  Do not give up a point of view that you conscientiously believe simply because

15  you are outnumbered.  You should vote with the others only if you are convinced on the

16  evidence, the facts, and the law that it is the correct way to decide the case.  After any breaks or

17  when you arrive in the morning if your deliberations last more than one day, do not begin to

18  discuss the case until all jurors are present.

19            **D.  Selecting a Foreperson and the Foreperson's Duties**

20            The first thing you should do when you retire to deliberate is to select one of you to act as

21  your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only a tradition.  You are

22  free to select any of your members as your foreperson.

1          **E.  Verdict Form and Return of Verdict**

2          Once you have reached your verdict, you must record it on the verdict form that I have

3   prepared for you.  The foreperson should fill in the verdict sheet, date it, and sign it.  The

4   foreperson should then give a note to the Marshal outside your door stating that you have

5   reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the

6   verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in

7   court.

8          **F.  Exceptions**

9          Please remain seated while I confer with the attorneys.

10                              (Confer at sidebar)

11                              (Swear the Marshal)

12          **G.  Oath**

13          I remind you that at the very beginning of the case you took an oath.  Your oath sums up

14   your duty.  You must well and truly try the matters in issue and render a true verdict according to

15   the law and the evidence.

16                      #                    #                    #

17          You may now retire to the jury room and begin your deliberations.